the fact that it has been paid does not affect that question in any degree. The mere fact of payment is not a basis or reason of the rule. The fact that the claims have been paid shows that the administrator has allowed them, and allowance, under the authorities, is prima facie proof of the validity of the claim; hence the burden of disproving the validity rests upon the contesting party. Here, as we have already seen, the accounts presented to the administratrix were allowed, and any creditors whose claim had been allowed had a right, in the absence of notice to the contrary, to assume that such claim would be paid, so far as there were funds in the hands of the administrator for that purpose. In re Davis' Estate (Feb. 1892) 6 N. Y. Law J. 1244, is not applicable to the facts; and, if it could be so held, we do not think it is the law.

We are also of the opinion that the referee erred in allowing interest on the claim of the respondent Holmes. The claim presented by Holmes was for $925,—a balance alleged to be due upon a note made by the deceased on the 25th of March, 1876. The statute of limitations had run against this claim, unless prevented by payments, which we must assume had been made. The administratrix allowed the claim as presented, without interest; and the creditor was bound to take the claim as allowed, or else establish by common-law proof the entire claim. He could not accept the amount allowed as a basis for establishing the validity of the claim itself, and then add to that claim interest from March 25, 1876, to the date of hearing, viz. $1,136.

The order and decree appealed from must therefore be reversed, with costs to appellant to abide event, and the matter remitted to the surrogate's court, with directions to modify the decree as indicated in this opinion. All concur; PATTERSON, J., in result.

---

In re KING.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. TAXATION—TRANSFER TAXES—APPRAISERS—APPOINTMENT.
    Where the regular appraisers authorized to be appointed to appraise the estate of decedents, by transfer-tax law of 1900, have not been named, the surrogate has authority to appoint such an appraiser for an estate as he may deem proper.
2. APPEAL—TRANSFER TAXES—ORDER FOR APPRAISAL—METHOD OF APPRAISAL.
    Where the order appointing an appraiser of the estate of a decedent, under the transfer-tax law of 1900, also directed the method of appraisement, an appeal from that part of the order will be dismissed, since the proper time to determine whether correct principles of appraisement have been followed is after the appraisement has been taken and the appraiser's report confirmed.

Appeal from surrogate's court, New York county.

In the matter of the appraisal of the estate of Henry W. King, deceased, under the transfer-tax act. From an order appointing an appraiser, and directing the manner of appraisement (63 N. Y. Supp. 1100), the executors of deceased appeal. Affirmed in part, and dismissed in part.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Clarence E. Thornall, for appellants.

W. E. Kissellburgh, Jr., for respondents.

VAN BRUNT, P. J.   So far as the appeal is taken from that part of the order whereby the surrogate appointed an appraiser, we think the same should be affirmed.   There is nothing in this record to show that the appraisers authorized to be appointed under the act of 1900 had been named, and until that had been done the surrogate had the power and authority to appoint such appraiser as he deemed proper.

As to that part of the appeal which refers to the directions contained in the order as to the methods of appraisement, we think the appeal should be dismissed.   After the appraisement has been taken, and the appraiser has reported, and his report has been confirmed by the surrogate, then the court can determine as to whether the correct principles have been followed in fixing the amount of the tax. There will then be before it the full record upon which the appraiser acts.

The order appealed from, so far as the naming of the appraiser is concerned, should be affirmed, and the appeal from the other parts of said order should be dismissed, with $10 costs and disbursements to the respondents.   All concur.

---

KELLEGHER v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

1. STREET RAILROADS—INJURY TO PASSENGER—WEIGHT OF EVIDENCE.
    Plaintiff, injured by a fall from a moving street car, testified that, after she got on the footboard, and was about to step inside, the conductor signaled, and the car started with a jerk, throwing her to the ground.   She was corroborated in all particulars by one witness.   Six witnesses for defendant stated that the car had proceeded half a block, and that plaintiff, noticing that her friend had not got on, stepped off backward, and fell to the ground; but they were not in entire accord as to the place where, or the manner in which, the accident happened, and disagreed as to whether plaintiff had got on the car, and between the seats, or remained standing on the footboard.   Held, that the appellate court could not conclude as matter of law that the evidence of defendant's witnesses outweighed that of plaintiff's, and a verdict for plaintiff would not be disturbed as against the weight of evidence.

2. SAME—INSTRUCTIONS—NEGLIGENCE PER SE.
    A charge referring to the conductor of a street car signaling to start while plaintiff was boarding it, and stating it·to be a "negligent act," was not erroneous as stating the act to be negligence as matter of law, where it went on to say that such act "might" warrant a cause of action for plaintiff, and in other places explained that such act, if proven, was evidence from which the jury could reasonably infer negligence.

    Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Eliza M. Kellegher against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company.   From a